IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNY ROUND,                             )<br>                                                    )<br>        Plaintiff,                            )<br>                                                    )<br>    v.                                          )<br>                                                    )<br>WEXFORD HEALTH SOURCES)<br>INCORPORATED, DR. JOHN COE,)<br>HECTOR GARCIA, and NICHOLAS LAMB,)<br>                                                    )<br>        Defendants.                      ) | Case No. 3:15-cv-772-NJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

On March 7, 2018, an Order was entered denying motions for summary judgment filed by Defendants (Doc. 123). The Order held that Plaintiff is proceeding on two claims, a policy and practice claim against Wexford and Lamb (in his official capacity as the current warden at Lawrence Correctional Center where Plaintiff is housed) and individual claims of deliberate indifference against Drs. Coe and Garcia. Plaintiff's claims stem from the failure to treat his broken nose with surgery deemed necessary by a specialist. In that Order, Defendant Duncan, the former warden of Lawrence was substituted by Lamb and hence dismissed from this lawsuit.

In Plaintiff's Second Amended Complaint filed on July 11, 2016, Plaintiff named Duncan as the person who could perfect injunctive relief (Doc. 62, ¶ 6). He further outlined that Duncan failed to respond to grievances submitted by Plaintiff (*Id*. ¶ 12). And, he claimed that Duncan, in his official capacity, perpetuated a policy or practice to deny necessary medical treatment in order to save cost (*Id*. ¶ 53). There are no other claims against Defendant Duncan.

Plaintiff now seeks to amend his complaint in order to claim that Duncan also was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment (Doc.

119). Plaintiff claims that he submitted a grievance to Warden Duncan on December 17, 2014 but that he received no response. He further claims, in the new Count 3, that Duncan knew of the risk to Plaintiff's health, because of the grievance process, and disregarded that risk by his "refusal to investigate and resolve the issues raised by the Plaintiff's grievances." Plaintiff further claims that Duncan "was aware of, and condoned" the policies that deprived him of adequate medical care. Plaintiff also appears to seek injunctive relief (even though he states that he has been released from prison). And, he reasserts claims against Haymes and Begum, Defendants who were dismissed without prejudice on July 17, 2017 (Doc. 97). Defendants object to the amendment (Docs. 121 and 122).

For the reasons set forth below, Plaintiff's Motion to Amend the Complaint (Doc. 119) to add an individual capacity claim against Defendant Duncan and reassert claims against Haymes and Begum is **DENIED**.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The deadline for amended pleadings was July 12, 2016 (Doc. 61). As such, Plaintiff must first demonstrate that good cause exists for extending that deadline, as required by Federal Rule of Civil Procedure 16. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011). This motion was filed 17 months after that deadline. Plaintiff has shown no diligence in seeking an amendment at this late stage. *Id*. Therefore, Plaintiff has shown no good cause to extend the deadline as required by Rule 16.

Even if Plaintiff did show good cause, the motion must be denied because of undue delay and prejudice to Defendants. *See Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 854-855 (7th Cir. 2017). The motion was filed 6 months after the June 15, 2017 discovery deadline (Doc. 81), which was extended to November 30, 2017 for the sole purpose of deposing one witness (Doc. 117), and well after motions for summary judgment were filed. Adding a claim at this stage of the proceedings will only prejudice Defendant by compelling them to engage in another round of discovery and requiring new rounds of motions for summary judgment. And, amendment will unnecessarily delay this matter which is now ready for a trial setting. Plaintiff's motion is accordingly **DENIED**.

This matter is hereby **SET** for at telephonic pretrial conference on **May 8, 2018** at **3:00 p.m.** before the undersigned. Defendant (Coe) to initiate the conference call. The parties should be prepared to discuss any matters that would prevent trial in this matter as well as the potential trial date.

**DATED: April 12, 2018**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**